**CAPITAL CASE**
No. 21-1052

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

LISA MARIE **MONTGOMERY**,
Petitioner-Appellee,

V.

T. J. **WATSON**, et al.,
Respondent-Appellant.

---

# LISA MARIE MONTGOMERY'S OPPOSITION TO MOTION TO VACATE STAY OF EXECUTION

---

Kelley J. Henry
Supervisory Asst. Fed. Public Defender
Amy D. Harwell
Asst. Chief, Capital Habeas Unit
Office of the Federal Public Defender
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, Tennessee 37203
Phone: (615) 736-5047

Lisa G. Nouri
2526 Holmes Street
Kansas City, Missouri 64108
Phone: (816) 471-1000
lisanouri_atty@hotmail.com

Appellate courts' power to vacate a stay entered by a lower court should be reserved only for exceptional circumstances, *see, e.g., Kemp v. Smith*, 463 U.S. 1321, 77 L. Ed. 2d 1424 (1983) (POWELL, J., Circuit Justice); *O'Connor v. Board of Education*, 449 U.S. 1301 (1980) (STEVENS, J., Circuit Justice). A lower court's decision is "deserving of great weight." *Commodity Futures Trading Commission v. British American Commodity Options Corp.*, 434 U.S. 1316, 1319, 12 (1977) (MARSHALL, J., Circuit Justice).

Where the lower court offered no reason for its decision to grant the stay application ," and "no plausible reason appeared from the record," *Wainwright v. Booker*, 473 U.S. 935 (1985), then vacating a stay may be appropriate. *See also Dugger v. Johnson*, 485 U.S. 945 (1988)(O'Connor, joined by Rehnquist, C.J., dissenting)("Because neither the District Court nor the Court of Appeals has articulated an adequate legal basis for entering a stay in this case, I would grant the State's application to vacate.").

Here, the lower court decision was reasoned, applied the applicable, controlling law, and, after calling balls and strikes, the district court judge reasonably granted a stay of execution and an evidentiary hearing on Mrs. Montgomery's claims under *Ford v. Wainwright*, 477 U.S. 399 (1986). *Ford* claims

are not cognizable until "execution is imminent," *Panetti*, 551 U.S. at 949, meaning "about to happen," not when it is convenient for the parties or the courts. The district court's decision reflected an adequate, indeed a compelling, legal basis for entering a stay and providing for an evidentiary hearing; that decision ought to be afforded great weight, as the district court did precisely what is expected from district court judges.[1]

> The Court finds [Petitioner's] experts' declarations satisfy the required preliminary showing that Ms. Montgomery's current mental state would bar her execution. *Ford* did not set a precise standard for competency, *Panetti*, 551 U.S. at 957, and the concept of "rational understanding" is hard to define. *Id.* at 959. While there similarly are no set criteria describing what constitutes a "substantial threshold showing," the record before the Court contains ample evidence that Ms. Montgomery's current mental state is so divorced from reality that she cannot rationally understand the government's rationale for her execution. Dkt. 16-1, at 2, ¶ 17 (Dr. Kempke); dkt. 11-2 at 4, ¶ 6 (Dr. Porterfield); *id.* at 41 (Dr. Woods). *See Panetti*, 551 U.S. at 950 (finding that petitioner had made substantial threshold showing); *see id.* at 970 (Thomas, J., dissenting) (noting that the majority found the "threshold showing" satisfied with one unsworn, one- page letter from a doctor and another one-page declaration from a law professor, both relying on the petitioner's past medical history).[2]

The standard of review on an application to vacate a stay of execution is

[1]The government's reliance on *Bucklew v. Precythe*, 139 S.Ct 1112 (2019) is misplaced. Mrs. Montgomery could not have brought this claim earlier, as the district court correctly found.

[2]The government argues the ultimate merits of the *Ford* claim and conflates that with the need for an evidentiary hearing. That is not the standard.

highly deferential. A stay of execution is an equitable remedy that lies within a court's discretion. *See Kemp v. Smith*, 463 U.S. 1321 (1983) (Powell, J., in chambers); *see also Doe v. Gonzales*, 546 U.S. 1301, 1307, 1309 (2005) (Ginsburg, J., in chambers) (denying application to vacate stay entered by court of appeals "[a]lthough there is a question as to the likelihood of … success on the merits" because "the applicants have not shown cause so extraordinary as to justify this Court's intervention in advance of the expeditious determination of the merits toward which the Second Circuit is swiftly proceeding" (internal quotation marks omitted)).

Having reasonably applied the law to the facts, the lower court did not abuse its discretion.

WHEREFORE, Respondents have failed to meet their heavy burden. The motion to vacate should be denied.

Respectfully submitted,

Kelley J. Henry
Supervisory Asst. Fed. Public Defender
Amy D. Harwell
Asst. Chief, Capital Habeas Unit
Office of the Federal Public Defender
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, Tennessee 37203

Phone: (615) 736-5047

Lisa G. Nouri
2526 Holmes Street
Kansas City, Missouri 64108
Phone: (816) 471-1000
lisanouri_atty@hotmail.com

BY:/s/ Kelley J. Henry
Counsel for Lisa Montgomery

## CERTIFICATE OF SERVICE

I, Kelley J. Henry, certify that a true and correct copy of the foregoing was served via the court's CM/ECF filing system which served all registered filers by email.

/s/ Kelley J. Henry
Counsel for Lisa Marie Montgomery